IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| DOMINIC DIAZ, | ) |
| | ) |
| Plaintiff | ) 2:25-CV-00788-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| C.O. RADCLIFF, INDIVIDUAL AND | ) |
| OFFICIAL CAPACITY; ET AL., | ) MEMORANDUM ORDER ON |
| | ) PLAINTIFF'S MOTION FOR WRIT OF |
| Defendants | ) MANDAMUS |
| | ) |
| | ) IN RE: ECF NOS. 6, 7 |
| | ) |

Pending before the Court are two motions filed by Plaintiff Dominic Diaz ("Plaintiff"). First, Plaintiff has filed an application seeking a Writ of Mandamus. *See* ECF No. 7. He also moves for an extension of time to comply with this Court's prior order directing him to submit additional documentation in support of his motion to proceed in forma pauperis. ECF No. 6.

As to his application for a Writ of Mandamus, Plaintiff asks this Court to order unnamed officials at the State Correctional Institution at Fayette ("SCI-Fayette") to provide him "with a copy of the report of the investigation of the PREA claim[1] of the assault and send a copy of the in forma pauperis papers to this Court." *Id*., p. 2. Plaintiff's application is denied. 28 U.S.C. § 1651 vests this Court with jurisdiction to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is typically invoked only in extraordinary situations. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976). A plaintiff seeking a writ of mandamus "must have no other adequate

---

[1] This is an apparent reference to the Prison Rape Elimination Act, 34 U.S.C. § 30301. *See, e.g., Fuller-Woodson v. Spiker*, 2025 WL 1920214, at *1 (W.D. Pa. July 11, 2025).

1

means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996).

Critically however, a writ of mandamus or prohibition in federal court "only authorizes district courts to compel or prohibit federal officials to perform a duty." *Friendly Vessal Therese Anne Steuber v. Walter Inv. Mgmt. Corp.*, 2017 WL 2243022, at *3 (M.D. Pa. May 23, 2017) (emphasis in original); 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed....")). *See also Hill v. Mastriano*, 2022 WL 16707073, at *2 (3d Cir. Nov. 4, 2022) (citing *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official")).

Consequently, federal courts cannot issue writs of mandamus to state agencies, as has been requested here. *See, e.g., John v. Pennsylvania Dep't of Hum. Servs.*, 2024 WL 3204474, at *1 (E.D. Pa. June 26, 2024). Because this Court lacks jurisdiction to grant the requested writ (ECF No. 7), the Plaintiff's application is denied with prejudice. *Id*. at *3. *See also In re Wallace*, 405 Fed. Appx. 580, 581 (3d Cir. 2011) ("Wallace asks us to exercise our prohibition or mandamus jurisdiction over a state court to compel it to dismiss his case. We do not have jurisdiction to grant that request."); *Weaver v. Wilcox*, 650 F.2d 22, 25 (3d Cir. 1981) (stating that the plaintiff could not state a cause of action under the Mandamus Act against state officials).

As to Plaintiff's second motion seeking an extension of time to submit the required documentation in support of his application to proceed in forma pauperis (ECF No. 6), the motion is granted. Plaintiff is given another 30 days to submit the supporting materials. This case will remain administratively closed until the Plaintiff submits the required documentation.

Finally, Plaintiff's motion for an extension of time also asks "Can you please order a protection order because I am not safe and has been harmed since filing this claim." ECF No. 6, p. 1. Plaintiff's statement lacks factual allegations in support, is vague, conclusory, and unclear. Even if this language can be construed as a motion for some type of injunctive relief, courts will not grant such motions on vague, conclusory statements. *See, e.g., In re "Schedule A" Cases*, 2025 WL 1906814, at *3 (W.D. Pa. July 10, 2025) (citing *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700 (3d Cir. 2004) (cleaned up)). The Plaintiff is therefore instructed that should he be moving for injunctive relief in the form of a temporary restraining order or a preliminary injunction, he is directed to file a separate motion containing adequate factual allegations in support and complies with the requirements of Rule 65 of the Federal Rules of Civil Procedure.

ORDERED and DATED this 5th day of August, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE