**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOMINIC DIAZ**, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-cv-788 |
| | ) | |
| v. | ) | District Judge David S. Cercone |
| | ) | Magistrate Judge Maureen P. Kelly |
| **C.O. RADCLIFF**, *individual and official* | ) | |
| *capacity*; | ) | |
| **C.O. OHLER**, *individual and official* | ) | |
| *capacity*; | ) | |
| **TINA WALKER**, *individual and official* | ) | |
| *capacity*; | ) | |
| **DR. LAUREL R. HARRY**, *individual and* | ) | |
| *official capacity*; | ) | |
| **LT. ALLEN**; *and* | ) | |
| 5-7 OTHERS, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM ORDER**

AND NOW, this 10th day of March, 2026, upon due consideration of plaintiff's Motion for Temporary Restraining Order, IT IS ORDERED that [16] the motion be, and the same hereby is, denied.

Plaintiff commenced this civil rights action seeking redress for an alleged beating that took place on June 11, 2023, at SCI Fayette. Plaintiff claims to have been handcuffed, attacked and then beaten by a number of correction officers while he was on his way to the law library.

Plaintiff's motion for a temporary restraining order arises from his subsequent placement in housing that was/is undesirable, being ridiculed, and the confiscation of his property. He likewise claims to have been subsequently poisoned, assaulted, chocked, and denied access to the law library.

The matters raised in the motion do not present a sufficient factual basis that relates back to the events giving rise to the claims in the case. Consequently, they present matters outside the scope of the Amended Complaint and for this reason the motion has been denied.

Moreover, plaintiff has not presented a plausible showing of the grounds needed for injunctive relief. Requests for injunctive relief invoke the court's equitable discretion. Resolving such motions requires a delicate balance of equitable factors. Requests for injunctive relief are to be resolved on a case-by-case basis. There are four general requirements: the moving party must (1) produce evidence sufficient to convince the court that in absence of the relief requested imminent irreparable injury will result; (2) establish a likelihood of success on the merits; (3) demonstrate that granting the relief will not result in greater harm to the other party; and (4) establish that granting the relief will be in the public interest. Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1985); Campbell Soup Co. v. Conagra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992); ERCI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (citing SI Handling Systems, Inc., v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). All of the above factors are balanced with regard to any final decision and the strength of any one factor may affect the necessary showing with regard to another. Marxe v. Jackson, 833 F.2d 1121, 1128 (3d Cir. 1987).

It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). It is well-established that the requirements for a TRO are the same as those for a preliminary injunction. N. Am. Dental Mgt., LLC v. Phillips, No. 23-1202, 2023 WL 4551980, at *2 (W.D. Pa. July 14, 2023).

Additionally, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).  "The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the 'operation of a correctional institution is at best an extraordinarily difficult undertaking.' Wolff v. McDonnell, 418 U.S. 539, 566 (1974).  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979)." Easley v. Wetzel, No. 21-63E, 2021 WL 1200214, at *4 (W.D. Pa. Feb. 26, 2021), report and recommendation adopted, 2021 WL 1197483 (W.D. Pa. Mar. 30, 2021); and see Brooks v. Samuel, No. 3:16-2386, 2018 WL 2287510, at *2 (M.D. Pa. May 18, 2018) ("The federal courts are not overseers of the day-to-day management of prisons.").

In this case, Plaintiff has not shown a likelihood of success on the merits as to the claims upon which he seeks injunctive relief.  Plaintiff avers that he had been placed in a corner cell known as the "dungeon" where it was very cold, he could not see the television, and could only see a "wall out of the cell."  And he has been moved three time and each time he has been placed in a corner cell.  It was only after the Prison Society advocated for him that he was removed from the corner cell in the Restrictive Housing Unit.

First, as to housing in the general population, it is well established that prisoners have no constitutional right to a particular housing location or custody level while under the jurisdiction

of correctional authorities.  Mundo-Violante v. Warden Loretto FCI, 654 F. App'x. 49, 51 (3d

Cir. 2016) (citing cases).

Second, presuming he still remains in segregated or special placement housing as of this

date, Plaintiff has not demonstrated the deprivation of a protected liberty interest that "imposes

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life."  Williams v. Sec'y Pa. Dep't of Corrs., 848 F.3d 549, 559 and n.47 (3d Cir. 2017)

(emphasis removed, quoting Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997); Sandin v.

Conner, 515 U.S. 472, 484 (1995)).  This is because "[c]onfinement in administrative or punitive

segregation will rarely be sufficient, without more, to establish the type of 'atypical' deprivation

of prison life necessary to implicate a liberty interest."  Smith v. Mensinger, 293 F.3d 641, 653

(3d Cir. 2002) (citing Sandin, 515 U.S. at 486).  Instead, courts have routinely held that periods

of disciplinary confinement of up to fifteen months do not implicate due process concerns.

Powell v. McKeown, No. 1:20-cv-348, 2021 WL 2400773, at *7 (M.D. Pa. June 11, 2021)

(citing Nifas v. Beard, 374 F. App'x 241, 244 (3d Cir. 2010); Smith, 293 F.3d at 653; Griffin,

112 F.3d at 708).  In this case, plaintiff admits that he has been moved in and out of restrictive

housing several times during the period in question.  But even presuming he has remained in

disciplinary confinement from August 2024, through August of 2025 and beyond (which his

submissions do not support), his confinement does not come close to approaching the type of

placement that can support a deprivation of due process.  Thus, it does not implicate a protected

liberty interest, and Plaintiff cannot show any violation of his right to due process.

Further, to the extent that Plaintiff alleges that his disciplinary confinement is retaliation

for asking for copies of the PREA investigation and filing this lawsuit, he simply has not

provided enough information to support his assertion.  A plaintiff must allege "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Simply put, Plaintiff's general allegations that he has been moved to various corner cells inside and outside restrictive housing, called names, had his legal materials ransacked, and had his food poisoned do not appear to be supported by factual content that will plausibly link the allegations to a claim for retaliation arising from his alleged June 11, 2023, beating.

As to assertion that the "corrections officer" calls plaintiff all types of names and are behind other inmates calling plaintiff gay, there likewise are no allegations to link these events to individuals who were personally responsible for such events.  In addition, "[v]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment." Dunbar v. Barone, 487 F. App'x 721, 723 (3d Cir. 2012).  This includes lewd verbal abuse.  See Robinson v. Danberg, 729 F. Supp. 2d 666, 678-79 and 686 (D. Del. 2010).  See also Hawkins v. Brooks, 694 F. Supp. 2d 434, 441 (W.D. Pa. 2010) (internal citations omitted) ("it is well-settled that the use of words, no matter how violent, is not actionable under 42 U.S.C. § 1983").  Because Plaintiff's allegations are vague and leveled against unidentified corrections officers, plaintiff has not met his burden to show a likelihood of success on the merits of a constitutional claim.

Moreover, "a federal district court lacks jurisdiction over claims raised in a motion for injunctive relief where those matters are unrelated to the underlying complaint." Stewart v. Verano, 2015 WL 1636124, at *2 (M.D. Pa. April 8. 2015).  As previously noted, the record

lacks sufficient factual allegations to establish a causal link between the incident on June 11, 2023, and the matters raised in plaintiff's motion for a temporary injunction.

Plaintiff has failed to proffer evidence to carry his burden on the factors necessary for the extraordinary relief he seeks. At the very least, after taking all well-pleaded facts as true and drawing all reasonable inferences in plaintiff's favor, the record falls woefully short of demonstrating that plaintiff likely will prevail on the merits.  It follows from this failing alone that the remaining factors cannot be found to weigh in plaintiff's favor.  Accordingly, the motion for a temporary restraining order and/or preliminary injunction properly has been denied.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge


cc:    Hon. Maureen P. Kelly
       United States Magistrate Judge

       (*Via CM/ECF Electronic Mail)*


       Dominic Diaz
       MB 7464
       SCI Fayette
       50 Overlook Drive
       LaBelle, PA 15450

       (*Via First Class Mail*)